**Bledar LULEJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–4836–ag.

United States Court of Appeals, Second Circuit.

May 18, 2006.

Aleksander Milch, New York, New York, for Petitioner.

Thomas E. Johnston, United States Attorney for the Northern District of West Virginia, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Respondent.

24

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Bledar Lulej, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA's decision affirms the IJ's holding and supplements it, this Court will review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

■ The IJ denied Lulej's asylum claim because he failed to prove that he filed his application within one year of entry into the United States. The Immigration and Nationality Act specifies that this Court does not have jurisdiction to review an IJ's determination that an asylum application was time-barred. 8 U.S.C. § 1158(a)(3). Although this Court retains jurisdiction over constitutional claims or questions of law relating to the one-year bar, 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 151–52 (2d Cir.2006), Lulej challenges only the IJ's determination that he failed to prove his entry date. Because this a factual question and not a constitutional claim or question of law, this Court lacks jurisdiction over his asylum claim. *Id.* at 154.

■ The IJ denied Lulej's withholding of removal and CAT claims on adverse credibility grounds, and that finding is supported by substantial evidence. Lulej clearly provided different answers regarding where he was between October 13, 2002, and October 26, 2002, and his testimony on direct conflicted with the information provided in his mother's letter. Lulej also provided inconsistent testimony regarding who filed a police report of the September 2000 incident. The IJ reasonably rejected Lulej's explanation for the inconsistency because he did not offer the latter version of events until he was confronted with the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (holding that an IJ's rejection of an applicant's explanation for an inconsistency will be reversed only if a reasonable fact finder would have been compelled to credit it). Lastly, Lulej's testimony conflicted with his membership booklet regarding when he became a member of the democratic party in Albania. The IJ correctly noted that there was no evidence in support of Lulej's explanation that the democratic party was not issuing membership cards in 1999, nor do any of the other documents in the record state in which year Lulej became a member of the party.

The IJ's adverse credibility factors directly relate to the essential elements of Lulej's claims—whether he was a member of the democratic party in Albania who was persecuted on account of that membership. Accordingly, the IJ's adverse credibility determination is supported by substantial evidence. Because Lulej's CAT claim was based on the same facts as the asylum and withholding of removal claims, the adverse credibility finding can properly "bleed over" into the CAT claim. *See Xue Hong Yang v. Gonzales*, 426 F.3d 520, 522–23 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004).

Accordingly, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).